UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEEKAY, INC., | ) |
|         Plaintiff, | ) CASE NO. C03-5664RSM |
|     v. | ) ORDER GRANTING PLAINTIFF'S |
| CITY OF LACEY, *et al.*, | ) MOTION FOR PROTECTIVE ORDER |
|         Defendants. | ) |

## **INTRODUCTION**

This matter comes before the Court on plaintiff's Motion for Protective Order. (Dkt. #102). Specifically, plaintiff seeks an Order precluding discovery by defendants of the merchandise inventories of five other Lovers Package stores owned by plaintiff. Plaintiff argues that the information sought is both irrelevant and unduly burdensome. Defendants oppose the motion, arguing that the information sought is directly relevant to its reasoning for denying plaintiff's business license, which is the core issue from which plaintiff's claims in this case stem. (Dkt. #104). For the reasons set forth below, the Court disagrees with defendants and GRANTS plaintiff's motion.

## **DISCUSSION**

**A. Background**

This action arises from the denial of a business license to plaintiff. On December 5, 2001,

ORDER
PAGE - 1

plaintiff sought a business license from the City of Lacey to open a retail store under the name Lover's Package. The store's proposed merchandise included lingerie, apparel, boots, shoes, outerwear, foundation wear and garments, lotions, oils, bath products, candles and romantic games. Plaintiff also proposed to sell as a small portion of its inventory sexually explicit books, videos and visual representations. The proposed site of the store was located in the Woodland Zone of Lacey.

On December 18, 2001, the City of Lacey denied plaintiff's business license application, stating that the store met the definition of an Adult Entertainment Facility, based on its proposed sales of Adult Novelties. Under city ordinance, such Adult Entertainment Facilities are not allowed in the Woodland Zone. *See* Lacey Municipal Code § § 16.37.030 and 16.67.090.

Plaintiff appealed that decision to the City Hearing Examiner. After a full hearing, the Examiner found that the "principal business purpose" of plaintiff's store would be the sale of retail goods that are not regulated under the adult business ordinance. Accordingly, he reversed the business license denial.

The City of Lacey then appealed that decision to the Lacey City Council. The City Council determined that the Hearing Examiner had misread the governing ordinance, and ruled that the proposed store was an adult novelty store or "similar adult use." Therefore, the store was not allowed in the Woodland Zone.

Plaintiff then filed a Writ of Review and Land Use Petition in Thurston County Superior Court. The court affirmed the decision by the Lacey City Council, and plaintiff appealed to the Washington State Court of Appeals. At the same time, plaintiff filed the instant action in this Court. Here, plaintiff raises procedural due process claims, first amendment claims, and § 1983 civil rights claims. (Dkt. #11).

On September 8, 2004, the Washington State Court of Appeals issued its decision, holding that the issues surrounding the question of whether the business license denial was improper are now moot

ORDER
PAGE - 2

because plaintiff sold the building where its business was going to be located, and it no longer sought a license to operate at that location. As of December 3, 2004, the Court of Appeals had not yet issued its mandate, and no further action had been taken by the Thurston County Superior Court.

### B. Relevant Information

Rule 26 of the Federal Rules of Civil Procedure allow the parties to obtain discovery about any matter, as long as it is not privileged and it is relevant to the claim of any party. Fed. R. Civ. P. 26(b)(1). In this case, no claim of privilege has been asserted by defendant, thus, discovery turns on whether the information sought is relevant. Relevant evidence is that which has a tendency to make the "existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Plaintiff argues that the information defendants seek is not relevant and is unduly burdensome. Plaintiff notes that every Lovers Package store carries a different inventory, customized to the regulations of the municipality in which it is located. Moreover, plaintiff has offered to submit an inventory list detailing exactly what the Lacey store proposed to sell at the time it applied for its business license. Thus, plaintiff asserts, the inventory lists from other Lovers Package stores is irrelevant and not likely to lead to the discovery of admissible evidence, and cannot be used to determine the proposed inventory at the Lacey store. The Court is persuaded by plaintiff's argument.

Defendants argue that the information sought will support the basis on which the City of Lacey denied plaintiff's business license. However, defendants fail to persuade the Court that such information is relevant. While defendants assert that the records requested are directly relevant to the issue of whether the stock in trade of a typical Lovers Package store meets the City's definition for classification as an Adult Novelty Store, the record shows that there is no "typical" Lovers Package, because each store carries an individualized inventory of merchandise. Thus, the comparison of one store to another does not appear relevant to the determination of whether the proposed Lacey store

ORDER
PAGE - 3

1  would have met the City's classification of an Adult Novelty Store, especially in light of the fact that
2  plaintiff has offered to submit a detailed list of proposed merchandise at the time it applied for a
3  business license.
4      Accordingly, the Court will grant plaintiff's request for a protective order to preclude the
5  discovery of the merchandise inventories of other Lovers Package stores.

## CONCLUSION

7  Based on the above analysis, it is hereby ORDERED:
8  (1) Plaintiff's Motion for Protective Order (Dkt. #102) is GRANTED. Plaintiff is not required
9  to provide to defendants the merchandise inventories of the five sought after Lovers Package stores.
10  (2) The clerk shall forward a copy of this Order to all counsel of record.
11  DATED this __15__ day of June, 2005.

                /s/   Ricardo S. Martinez
                RICARDO S. MARTINEZ
                United States District Judge

ORDER
PAGE - 4