UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEEKAY, INC.,

Plaintiff,

v.

CITY OF LACEY, *et al.*,

Defendants.

CASE NO. C03-5664RSM

MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment. (Dkt. #77). Plaintiff argues that defendants violated its due process rights because it relied on the term "one of its principal business purposes," which is not defined in the Lacey Municipal Code, when denying its business permit application, and this Court has already determined that the ordinance violated due process as applied to plaintiff. (Dkt. #77). Plaintiff further argues that the City of Lacey is liable for that violation of plaintiff's due process rights under 42 U.S.C. § 1983 because official city policy was the "moving force" behind the initial violation.

Defendants respond that the Court's previous Order denying their motion for summary judgment was not an adjudication of plaintiff's argument, and therefore, does not compel the

granting of plaintiff's summary judgment under the law of the case doctrine. (Dkt. #106) Defendants further argue that plaintiff had particular knowledge that the kind of adult novelty products it sought to carry in its store were regulated under the Lacey ordinance, and therefore, a genuine issue of material fact is raised, and summary judgment is not appropriate. Defendants fail to address plaintiff's § 1983 argument.

For the reasons set forth below, the Court disagrees with defendants, and GRANTS plaintiff's motion for partial summary judgment.

## II. DISCUSSION.

### A. Background

This action arises from the denial of a business license to plaintiff. On December 5, 2001, plaintiff sought a business license from the City of Lacey to open a retail store under the name Lovers Package. The store's proposed merchandise included lingerie, apparel, boots, shoes, outerwear, foundation wear and garments, lotions, oils, bath products, candles and romantic games. Plaintiff also proposed to sell, as a small portion of its inventory, sexually explicit books, videos and visual representations. The proposed site of the store was located in the Woodland Zone of Lacey.

On December 18, 2001, the City of Lacey denied plaintiff's business license application, stating that the store met the definition of an Adult Entertainment Facility, based on its proposed sales of Adult Novelties. Under city ordinance, such Adult Entertainment Facilities are not allowed in the Woodland Zone. *See* Lacey Municipal Code § § 16.37.030 and 16.67.090.

Plaintiff appealed that decision to the City Hearing Examiner. After a full hearing, the Examiner found that the "principal business purpose" of plaintiff's store would be the sale of retail goods that are not regulated under the adult business ordinance. Accordingly, he reversed the business license denial.

The City of Lacey then appealed that decision to the Lacey City Council. The City

Council determined that the Hearing Examiner had misread the governing ordinance, and ruled that the proposed store was an adult novelty store or "similar adult use." Therefore, the store was not allowed in the Woodland Zone.

Plaintiff then filed a Writ of Review and Land Use Petition in Thurston County Superior Court. The court affirmed the decision by the Lacey City Council, and plaintiff appealed to the Washington State Court of Appeals. At the same time, plaintiff filed the instant action in this Court. Here, plaintiff raises procedural due process claims, first amendment claims, and § 1983 civil rights claims. (Dkt. #11).

On September 8, 2004, the Washington State Court of Appeals issued its decision, holding that the issues surrounding the question of whether the business license denial was improper are now moot because plaintiff sold the building where its business was going to be located, and it no longer sought a license to operate at that location. As of December 3, 2004, the Court of Appeals had not yet issued its mandate, and no further action had been taken by the Thurston County Superior Court. However, both parties requested that the instant proceedings move forward, asserting that the state court decision has no preclusive effect on the claims involved here.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or

the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C. Due Process Claims**

*1. Void for Vagueness Issue*

In the instant motion for partial summary judgment, plaintiff first argues that defendants violated its due process rights because it relied on the term "one of its principal business purposes," which is not defined in the Lacey Municipal Code, when denying its business permit application. Plaintiff further argues that under the law of the case doctrine, this Court should rely on its legal conclusions set forth in its prior Order denying defendants' summary judgment motion on the same issue, (*see* Dkt. #73), and grant plaintiff's summary judgment motion. (Dkt. #77 at 5).

In its prior Order, this Court found that:

> In order to show that a statute is unconstitutionally vague, petitioner must demonstrate that the statute (1) does not define the conduct it prohibits with sufficient definitiveness, and (2) does not establish minimum guidelines to govern law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). In Washington State, courts have determined that a statute is unconstitutionally vague when it does not satisfy the essential due process requirement of giving fair notice that would allow a person of average intelligence to reasonably determine whether his or her conduct is prohibited. *Grant County v. Bohne*, 89 Wn.2d 959 (1975). However, the U.S. Supreme Court has noted that an ordinance that allows a city to review the general qualifications of each license applicant is not presumptively invalid. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 229 (1990).

> In the instant case, the ordinance at issue allowed for a review of the type of business requesting a license, and for a determination of the proposed business's "principal business purpose." *See*, *e.g.*, Lacey Municipal Code § 5.40.020. Thus, the Court finds that the ordinance is not presumptively invalid.
>
> However, the Court does not agree with defendants argument that the phrase "one of its principal business purposes" is designed to give a person of ordinary intelligence fair notice. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1971). Although, courts have found that ordinances containing similar phrases comport with due process, *see, e.g., Young v. American Mini Theaters, Inc.*, 427 U.S. 50, 61 (1976) (explaining that the only vagueness in the ordinances could be readily answerable, and that, to the extent that an area of doubt exists, the ordinances are not "readily subject to a narrowing construction by the state courts.") and *ILQ Invs. v. City of Rochester*, 25 F.3d 1413, 1419 (8th Cir. 1994), *cert. denied*, 513 U.S. 1017 (1994) (finding that the term "substantial portion" of a bookstore's merchandise is not sufficiently vague to void the ordinance), the Court is more persuaded by plaintiff that the failure to define a crucial term such as "one of its principal business purposes," does not allow a business to reasonably predict whether his or her conduct is prohibited. *See Cline v. City of Oklahoma City*, 839 P.2d 657 (Okla. 1992) (holding that the term "a significant portion of its stock in trade" was unconstitutionally vague); *Alexander v. Minneapolis*, 713 F. Supp. 1296, 1303 (D. Minn. 1989) (finding the term "substantial and significant" unconstitutionally vague); *Persack d/b/a Le Bakery Sensual v. Denver*, 630 F. Supp. 177 (D. Colo. 1986) (holding an ordinance unconstitutionally vague because it did not give fair notice of what is restricted).
>
> In the instance case, the City of Lacey ordinance which was a basis of denying plaintiff's business application gave no notice to plaintiff as to what percentage of its "adult novelties" would constitute a "principal business purpose." As the Court explained in *Cline*, *supra*, an ordinance that does not allow a business proprietor to identify how much stock he could maintain and not run afoul of the ordinance, and that allows an inspector to "merely eyeball" a location to see how it felt, is "inherently violative of due process." *Cline*, 839 P.2d at 659. Accordingly, the Court finds that summary judgment in favor of defendants is not appropriate on this issue.

(Dkt. #73 at 6-7).

The Court further found that:

> the preexisting law failed to provide defendants with fair warning that their conduct was unlawful. The applicable case law is split as to whether terms such as "principal business purpose" are sufficiently clear as to provide fair notice. *See, e.g., Young, supra* (explaining that the only vagueness in the ordinances could be readily answerable, and that, to the extent that an area of doubt exists, the ordinances are not "readily subject to a narrowing construction by the state courts.") and *ILQ Invs., supra,* (finding that the term

> "substantial portion" of a bookstore's merchandise is not sufficiently vague to void the ordinance); *compare Cline, supra* (holding that the term "a significant portion of its stock in trade" was unconstitutionally vague), *Alexander, supra* (finding the term "substantial and significant" unconstitutionally vague) and *Persack d/b/a Le Bakery Sensual, supra* (holding an ordinance unconstitutionally vague because it did not give fair notice of what is restricted).

(Dkt. #73 at 13). Thus, the Court does not agree with defendants that it failed to adjudicate the due process issues raised by defendant in its current motion for summary judgment.

Likewise, the Court is not convinced by defendants that the law of the case doctrine does not apply to the instant motion. Defendants argue that, in its prior decision, this Court had no opportunity "to analyze the evidence of plaintiff's knowledge, experience, and deceptiveness. These facts are present now, and they raise genuine issues of material fact which ought to preclude summary judgment in favor of the plaintiffs." (Dkt. #106 at 6). Defendants also argue that an initial denial of summary judgment does not "'establish the law of the case' such that the ruling may not be revisited by a district judge where additional evidence exists." (Dkt. #106 at 6). The Court finds this argument flawed for several reasons.

First, defendants have not presented any substantially new or different evidence in their response to plaintiff's motion to dismiss that would cause this Court to change its legal conclusion that the ordinance in question is unconstitutionally vague. Defendants assert that they have new factual evidence showing that plaintiff acted deceptively in applying for a business license for Lovers Package – evidence that demonstrates plaintiff knew its products were covered by Lacey's ordinance. However, in their previous motion for summary judgment, defendants raised that factual issue for the Court's consideration. In almost identical language as in their response to the current motion for summary judgment, they state:

> At no time prior to applying for a business license did Mr. Butt or Peekay reveal the nature of the business intended for the chosen site in the Woodland zoning district. In fact, the building was owned jointly by Wesley Butt and "P.K. Partnership," a [sic] entity related to Peekay, Inc. Wesley Butt is the husband of a co-owner and Chief Financial Office, Kris Butt; and the son-in-law of Peekay's chief executive, Phyllis Heppenstall. Mr. Butt's wilful non-

> disclosure of the intended occupant of the building set Peekay on a course it could have avoided with some simple honesty.

(Dkt. #38 at 4) (citations omitted). Defendants further stated that investigation into other Lovers Package stores and their merchandise was necessary because of Mr. Butt's dishonesty. (Dkt. #38 at 4-5). Thus, this Court was fully aware of defendants' "deceptiveness" position when reviewing, and denying, their motion for summary judgment.

The only new evidence presented in defendants' response to the instant motion appears to be a statement by Jerry Litt, Lacey's Director of Community Finance, that Rick Barnett, Peekay, Inc.'s property manager, had inquired about whether another building in the Woodland zone could be used for a topless dancing facility, and testimony from the deposition of Charles Jewell, Peekay, Inc.'s Senior Vice President, that 13% of the sales of Peekay's stores are adult novelty products, and they enjoy a gross profit margin of 80%. (Dkt. #106 at 4 and 9). Neither of these facts are relevant to determining whether the ordinance in question is constitutionally vague.

First, whether Peekay's property manager inquired into the use of another building as a topless dance facility has no bearing on whether Peekay understood the phrase "one of its principal business purposes." Second, the testimony of Mr. Jewell demonstrates only that when looking at Lovers Package stores as a group, and examining 66% of those stores' sales, it appears that Adult Novelty items are one of the top four categories of merchandise sold. (*See* Dkt. #107, Ex. A). That fact also does not support the contention that the Lacey store proposed to sell as one of its "principal business purposes" a large percentage of Adult Novelty items, nor does it support the contention that plaintiff had any better understanding of the term "one of its principal business purposes." In fact, by comparing the small percentage of novelty items proposed for sale in the Lacey store to the larger percentages found in other Lovers Package stores, it seems reasonable that plaintiff would conclude that the Novelty Items proposed for sale in the Lacey store would not constitute a principal business purpose.

Importantly, defendants have also failed to present any authority suggesting that a building contractor is required to disclose the end user of a particular retail building during the building permitting process.

Finally, the Court is not persuaded that plaintiff had any particular knowledge or experience that negates the ordinance's vagueness. Plaintiff demonstrates that other cities in which its Lovers Package stores are located explicitly define the percentage of adult novelties, devices or paraphernalia that constitutes a principal business purpose. (*See, e.g.,* Dkt. #116, Exs. 2-4). Plaintiff further demonstrates that when an ordinance does not explicitly designate such percentage, it is plaintiff's experience, that the city will disclose to plaintiff's employees how much regulated adult stock could be carried without causing the store to be classified as an adult enterprise. (*See* Dkt. #116, Ex. 5). Furthermore, plaintiff explains that its experience in the City of Renton is not comparable to the instant case, because the ordinance regulating its merchandise was changed after plaintiff had opened its Lovers Package store, and, in any event, Renton ultimately determined that the store did not violate the new ordinance.

For all of these reasons, the Court finds that defendants have failed to raise a genuine issue of material fact that mandates a denial of plaintiff's motion for summary judgment. While the Court recognizes that the law of the case doctrine is flexible and discretionary, the Court is not persuaded that its prior opinion was not an adjudication of the due process issue raised by plaintiff in its instant motion, nor is it persuaded that there is any factual issue that would mandate a reversal of its previous determination that the ordinance in question is void for vagueness as applied to plaintiff. Accordingly, the Court GRANTS partial summary judgment in favor of plaintiff on this due process issue.

*2. Municipal Liability Under 42 U.S.C. § 1983*

In its previous Order, this Court determined that the City of Lacey may be held liable for the due process violation noted above under 42 U.S.C. § 1983. This Court explained:

> To establish municipal liability for failing to act to preserve constitutional rights, city policy must cause a constitutional violation. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). In the instant case, the Court has already determined that a constitutional violation occurred because the Lacey Municipal Code is unconstitutionally vague. Accordingly, the ordinance is the cause or "moving force" behind the constitutional violation. *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994). The Court is not persuaded by defendants' argument that the ordinance does not encourage a constitutional violation because it is a content-neutral, time, place and manner regulation. (*See* Dkt. #52 at 12).

(Dkt. #73 at 14-15). Plaintiff now argues that, based on the law of the case doctrine, this Court should conclude that the City of Lacey is liable under 42 U.S.C. § 1983 for violating plaintiff's right to due process. Defendants have failed to respond to this argument.

Rule 56 of the Federal Rules of Civil Procedure states that "[i]f the adverse party does not so respond, summary judgment, if appropriate shall be entered against the adverse party." Fed. R. Civ. P. 56(e). Similarly, this Court's Local Rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Having reviewed the record in this case, the Court finds no reason not to apply these rules. Accordingly, summary judgment shall be GRANTED in favor of plaintiff on this issue.

## III. CONCLUSION

Having reviewed plaintiff's motion for summary judgment (Dkt. #77), defendants' response (Dkt. #106), plaintiff's reply (Dkt. #115), the declarations and documentary evidence in support of those briefs, and the remainder of the record, the Court hereby GRANTS plaintiff's motion for partial summary judgment. The Court finds the ordinance in question void for vagueness as applied to plaintiff, and that the City of Lacey may be held liable for that due process violation under 42 U.S.C. § 1983.

The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this _21_ day of June, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE