UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEEKAY, INC.,

    Plaintiff,

    v.

CITY OF LACEY, *et al.*,

    Defendants.

CASE NO. C03-5664RSM

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment, which requests summary adjudication of its § 1983 claim based on the deprivation of a property interest protected by the Fourteenth Amendment. (Dkt. #118).

For the reasons set forth below, the Court DENIES plaintiff's motion for partial summary judgment.

## II. DISCUSSION.

### A. Background

This action arises from the denial of a business license to plaintiff. On December 5, 2001, plaintiff sought a business license from the City of Lacey to open a retail store under the name Lover's Package. The store's proposed merchandise included lingerie, apparel, boots,

ORDER RE: MOTION FOR SUMMARY JUDGMENT
PAGE - 1

shoes, outerwear, foundation wear and garments, lotions, oils, bath products, candles and romantic games. Plaintiff also proposed to sell, as a small portion of its inventory, sexually explicit books, videos and visual representations. The proposed site of the store was located in the Woodland Zone of Lacey.

On December 18, 2001, the City of Lacey denied plaintiff's business license application, stating that the store met the definition of an Adult Entertainment Facility, based on its proposed sales of Adult Novelties. Under city ordinance, such Adult Entertainment Facilities are not allowed in the Woodland Zone. *See* Lacey Municipal Code § § 16.37.030 and 16.67.090.

Plaintiff appealed that decision to the City Hearing Examiner. After a full hearing, the Examiner found that the "principal business purpose" of plaintiff's store would be the sale of retail goods that are not regulated under the adult business ordinance. Accordingly, he reversed the business license denial.

The City of Lacey then appealed that decision to the Lacey City Council. The City Council determined that the Hearing Examiner had misread the governing ordinance, and ruled that the proposed store was an adult novelty store or "similar adult use." Therefore, the store was not allowed in the Woodland Zone.

Plaintiff then filed a Writ of Review and Land Use Petition in Thurston County Superior Court. The court affirmed the decision by the Lacey City Council, and plaintiff appealed to the Washington State Court of Appeals. At the same time, plaintiff filed the instant action in this Court, raising procedural due process claims, first amendment claims, and § 1983 civil rights claims. (Dkt. #11).

In the meantime, while its appeal to the state court was pending, plaintiff submitted two additional business license applications in conjunction with letters to the Lacey City Council stating that it no longer intended to sell adult novelties at its store. Lacey's Planning Director apparently refused to review those applications after determining that they were substantially

ORDER RE: MOTION FOR SUMMARY JUDGMENT
PAGE - 2

similar to the initial application.

On September 8, 2004, the Washington State Court of Appeals issued its decision, holding that the issues surrounding the question of whether the business license denial was improper are now moot because plaintiff sold the building where its business was going to be located, and it no longer sought a license to operate at that location. The parties then asked this Court to move forward with litigation of the instant suit.

On June 21, 2005, this Court granted plaintiff's first motion for partial summary judgment, which resulted from defendant's denial of plaintiff's initial business license application, finding that the ordinance relied upon by defendants to support that denial was void for vagueness. (Dkt. #123).

Plaintiff now moves for partial summary judgment resulting from the denial of its second and third business license applications, arguing that defendant violated its civil rights by depriving it of a property interest protected by the Fourteenth Amendment.

Defendants have several pending motions, including a motion for reconsideration of the Court's previous decision regarding the void for vagueness issue, which will be addressed in a separate Order.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or

the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

### C. Constitutionally Protected Property Interests

Plaintiff argues that its procedural due process rights were violated when Lacey's Planning Director denied its second and third business license applications. To establish a violation of procedural due process, plaintiff must show that it has been deprived of a constitutionally protected property interest through state action, and that the procedure for doing so was constitutionally inadequate. *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 974 (9th Cir. 2002). Defendant argues that there is no constitutionally protected property right created by plaintiff's application for a business license to operate a Lovers Package in Lacey.

In order to establish a constitutionally protected property interest, plaintiff must have more than a "unilateral expectation" of such right, and plaintiff must have a "legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). A property interest is created "by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* The U.S. Supreme Court has recognized that property interests extend to already-acquired benefits. In *Bell v. Burson*, the Court held that "once licenses are issued . . .

ORDER RE: MOTION FOR SUMMARY JUDGMENT
PAGE - 4

their continued possession may become essential in the pursuit of a livelihood.  Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees." 402 U.S. 535, 539 (1971).

However, when addressing a plaintiff who is merely an applicant for a license, as here, the critical inquiry becomes whether the statute (or ordinance) grants discretion to the decision-maker who approves or denies the license because "[n]o constitutionally protected property interest can exist in the outcome of a decision 'unmistakably committed . . . to the discretion of the [public entity].'" *Ulrich*, 308 F.3d at 976 (quoting *Parks v. Watson*, 716 F.2d 646, 657 (9th Cir. 1983)) (omission and alteration in original); *see also Kraft v. Jacka*, 872 F.2d 862, 866 (9th Cir. 1989) (finding no property interest in obtaining license because the Nevada Gaming Board had almost absolute discretion to grant or deny new gaming licenses); *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980) (finding the same).

Neither party has provided a discussion of the Planning Director's discretion to grant or deny business licenses.  The Court notes that if the actions of the Planning Director are limited by significant substantive restrictions in the statutes, then his discretion to deny a license to a qualified applicant is limited, and the restrictions provide plaintiff with a protected property interest in the licenses in question.  *See* Stivers v. Pierce, 71 F.3d 732, 740 n.4 (9th Cir. 1995) ("[T]he existence of a protected property interest hinges on whether state law confers a 'reasonable expectation of entitlement.'") (quoting Kraft, 872 F.2d at 866).  By contrast, if the Planning Director has absolute discretion in granting or denying a license, then plaintiff has no reasonable expectation of entitlement to a license and consequently no property interest in a license.  Because the level of discretion given to the Planning Director is not clear from the parties' briefs, the Court assumes for the purposes of this motion that plaintiff has a property interest in the business license for which it applied.

Assuming, *arguendo*, that Peekay was deprived of a constitutionally protected property

interest, and that the deprivation resulted from state action, the question remains whether plaintiff was nevertheless afforded a constitutionally adequate process to address that deprivation. Plaintiff has never contended that the appeals process after the denial of its initial application was insufficient to satisfy due process requirements. After its first business license was denied, plaintiff appealed the Planning Director's denial to a City Hearing Examiner. It also appealed the City Council's reversal of the Hearing Examiner in Thurston County Superior Court. However, after the Planning Director refused to review Peekay's second and third applications, inexplicably Peekay did not appeal to the Hearing Examiner, City Council, or state court, even though such procedures were available and Peekay had adequate notice of those procedures. Thus, the Court concludes that no procedural due process violation occurred simply because plaintiff failed to make use of the procedures.

Moreover, Washington law provides an adequate state procedure, the writ of mandamus pursuant to RCW 7.16.160, to remedy the alleged procedural deprivation. *See Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir. 1990) (explaining that "[w]hen state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand.") (citing *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989)). Therefore, because the writ of mandamus represents an adequate and available state remedy through which plaintiff's alleged procedural deprivation could have been corrected, its § 1983 procedural due process claim must fail.

### D. Defendant's Motion to Strike

Defendant has asked this Court to strike certain evidence provided in support of plaintiff's reply brief for the first time. (Dkt. #138). However, the Court did not rely upon that evidence in making its decision on this motion. Accordingly, the Court denied defendant's request as moot.

ORDER RE: MOTION FOR SUMMARY JUDGMENT
PAGE - 6

### III. CONCLUSION

Having reviewed plaintiff's second motion for partial summary judgment (Dkt. #118), defendant's response (Dkt. #130), plaintiff's reply (Dkt. #134), defendant's surreply (Dkt. #138), the declarations and documentary evidence in support of the briefs, and the remainder of the record, the Court hereby DENIES plaintiff's motion. Regardless of whether plaintiff had a constitutionally protected property interest in its application for a business license, it had adequate state procedures to remedy any alleged procedural deprivations.

Defendant's Cross-Motion to Dismiss (Dkt. #130) the § 1983 deprivation of property claim is GRANTED.

Defendant's request to strike certain evidence (Dkt. #138) is DENIED AS MOOT.

DATED this 14th day of September 2005.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge for
RICARDO S. MARTINEZ
United States District Judge